IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICK DUDZINSKI,** | |
| Plaintiff, | No. 07 CV 7092 |
| v. | Hon. Robert M. Dow, Jr. Judge Presiding |
| **SMITHKLINE BEECHAM CORPORATION,** d/b/a **GLAXOSMITHKLINE,** | Magistrate J. Mason |
| Defendant. | **Jury Trial Requested** |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, RICK DUDZINSKI, by and through his counsel, LISA KANE & ASSOCIATES, P.C., complaining of Defendant, SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE, states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

4.　　Plaintiff, RICK DUDZINSKI, is a male United States citizen who resides in Illinois.

5.　　Defendant, SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE, is a Pennsylvania corporation which has continuously and does now employ more than fifteen employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

## PROCEDURE

6.　　Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue on November 28, 2007, which Plaintiff received on November 29, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period. Following Defendant's termination of Plaintiff's employment, a second charge of discrimination was filed on December 17, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a second Notice of Right to Sue on December 20, 2007, which Plaintiff received on December 26, 2007. The second Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I – TITLE VII - GENDER DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant's predecessor in 1982 as a Field Representative, and approximately one year later was promoted into the Hospital Division as a Clinical Specialist.

9. Throughout his twenty-five (25) year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, top sales rankings, and numerous awards, and any assertion to the contrary is a pretext for discrimination.

10. Beginning in January 2003, Defendant has paired Plaintiff with Liz Weller, a female Clinical Specialist, to operate as a team in selling pharmaceutical products to medical professionals. Since its inception, the team of Plaintiff and Weller has been managed by Clark Davis, Regional Sales Manager.

11. In operating as a team, Plaintiff and Clinical Specialist Weller have identical job responsibilities, service the same pool of clients, share strategies, and jointly pitch products.

12. Further, Defendant accounts for the sales of Plaintiff and Clinical Specialist Weller jointly, resulting in identical sales figures if no manual adjustments are made.

13. Plaintiff, unlike Liz Weller, has been targeted and harassed by Regional Manager Davis, resulting in a deterioration of the terms and conditions of Plaintiff's employment due to Defendant's gender discrimination. Examples of such conduct follow.

14. Despite purportedly sharing the same sales numbers, in determining their 2006 annual

performance evaluations, Defendant intentionally deleted one fiscal quarter from Plaintiff's total sales, resulting in Plaintiff ranking 233 out of 260 Clinical Specialists.

15. In contrast to Plaintiff, Defendant fully accounted for the entire year of Clinical Specialist Liz Weller's sales, resulting in a substantially higher performance ranking.

16. Over the following year, Defendant began to harass Plaintiff in a manner that was detrimental to his professional career with Defendant.

17. In June 2007, Clark Davis, Regional Sales Manager, issued Plaintiff a coaching memo and action plan that was not issued to Clinical Specialist Weller.

18. At the time Plaintiff was issued the memo, there were no performance deficiencies apparent that would have triggered the need for such an action. Rather, Plaintiff was completing an exceptionally successful quarter, where he was named the "Representative of the Quarter" by ranking as the top performer in his sector, comprising one quarter (1/4) of the country, and being amongst the top five (5) best sellers nationwide.

19. The coaching memo contained required actions in the methods and procedures that Plaintiff used in selling products to customers, including the use of certain sales techniques. The accompanying action plan required that Plaintiff meet certain objectives, such as completing a certain number of teleconferences and programs by the end of the quarter.

20. Defendant did not issue a coaching memo or action plan to Clinical Specialist Weller, Plaintiff's female teammate, despite Plaintiff and Weller coordinating sales techniques, sharing plans, holding the same territories, sharing production numbers, and utilizing the same methods.

21. Following the issuance of the coaching memo and action plan, Regional Sales Manager Davis continued to target and harass Plaintiff by accompanying Plaintiff on sales trips and

issuing email warnings for non-existent and fabricated violations of corporate practices.

22. Once again, despite sharing techniques, plans, methods and clients with Liz Weller, Regional Manager Davis did not issue Weller any similar sort of comparable criticism for any purported deficiencies in her sales techniques or performance.

23. Due to the continuing harassment and disparate treatment, on September 10, 2007, Plaintiff contacted Sharon Koch, Human Resources Manager, to report Defendant's continuing gender discrimination. In the call, Plaintiff specifically reported that Regional Manager Davis was harassing Plaintiff in a disparate manner than his female co-worker and explained how his 2006 performance results were skewed to not account for all his sales.

24. Despite the very specific evidence and examples Plaintiff provided of gender discrimination, Defendant took no action to address Plaintiff's complaints or to rectify the disparate treatment.

25. As a result of Defendant's lack of addressing Plaintiff's complaints, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 15, 2007, complaining of gender discrimination.

26. In close proximity of time to Plaintiff's filing of the charge with the Equal Employment Opportunity Commission, in a meeting with Frank Sangiorgio, Vice President, and Human Resources Manager Koch, Defendant terminated Plaintiff's employment for the pre-textual reason of a reduction in force.

27. In the meeting, Vice President Sangiorgio and Human Resources Manager Koch explained to Plaintiff that the decision was primarily determined from the sales results for the previous three and a half (3.5) years, with the "winning practices", or annual performance

evaluations, used as the tie-breaker.

28.     While Defendant terminated Plaintiff, Defendant did not terminate the employment of his female co-worker, Liz Weller, with whom he shared identical assignments, responsibilities, and sales numbers. Further, on information and belief, Weller had received lower "winning practices", or performance rankings, than Plaintiff, which was the purported tie-breaker in the event of close decisions.

29.     The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on his gender, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

30.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RICK DUDZINSKI, prays for judgment against Defendant and respectfully requests that this Court:

A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of gender;

C.  Order Defendant to make whole RICK DUDZINSKI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to RICK DUDZINSKI;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – TITLE VII - RETALIATION

31. Paragraphs one (1) through twenty-four (24) are incorporated by reference as if fully set out herein.

32. As a result of Defendant's lack of addressing Plaintiff's complaints, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 15, 2007, complaining of gender discrimination.

33. In a letter dated November 26, 2007, despite the very specific evidence and examples of harassment and disparate treatment that Plaintiff provided, Defendant informed Plaintiff that there was insufficient evidence to support his allegations.

34. The November 26, 2007 letter further assured Plaintiff that the information would be held confidential and that retaliation for his complaints would not be tolerated.

35. Despite Defendant's assurances, in close proximity of time to the filing of the charge of discrimination with the EEOC and the receipt of the November 26, 2007 letter, in a meeting with Frank Sangiorgio, Vice President, and Human Resources Manager Koch, Defendant terminated Plaintiff's employment for the pre-textual reason of a reduction in force.

36. While Defendant terminated Plaintiff, Defendant did not terminate the employment

of his co-worker, Liz Weller, who did not engage in statutorily protected activity and with whom Plaintiff shared identical assignments, responsibilities, and sales numbers.

37. Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., based on his opposition to and reporting of Defendant's discriminatory conduct towards male employees.

38. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of gender discrimination.

39. The aforementioned acts and omissions of Defendant constitute unlawful retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

40. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RICK DUDZINSKI prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex, and

retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole RICK DUDZINSKI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to RICK DUDZINSKI;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

41. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,
RICK DUDZINSKI, Plaintiff,


By: s/Lisa Kane
Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093