**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RICK DUDZINSKI,<br><br>      Plaintiff,<br><br>  v.<br><br>SMITHKLINE BEECHAM<br>CORPORATION d/b/a<br>GLAXOSMITHKLINE,<br><br>      Defendant. | Case No. 07 CV 7092<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Michael T. Mason |

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline, through its attorneys answers Plaintiff's Second Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1.    This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

    **Answer:**    Defendant admits that Plaintiff is suing Defendant under the cited statutes. Defendant denies that Plaintiff has suffered legal or equitable wrongs, denies that Plaintiff is entitled to any relief by reason of this action, and denies any remaining allegations in Paragraph 1.

**JURISDICTIONAL STATEMENT**

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**Answer:** Defendant admits that this Court has jurisdiction to hear Plaintiff's Title VII actions pursuant to § 706 of that statute. Defendant denies that Plaintiff is entitled to any relief by reason of his Title VII claim.

## VENUE

3. Venue is proper under 28 U.S.C. § I391(b)(l) and (2).

**Answer:** Defendant admits that venue is proper in this Court.

## PARTIES

4. Plaintiff, RICK DUDZINSKI, is a male United States citizen who resides in Illinois.

**Answer:** Defendant admits the allegation in Paragraph 4.

5. Defendant, SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline, is a Pennsylvania corporation which has continuously and does now employ more than fifteen employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**Answer:** Defendant admits the allegations in Paragraph 5.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue on November 28, 2007, which Plaintiff received on November 29, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period. Following Defendant's termination of Plaintiff's employment, a second charge of discrimination was filed on December 17, 2007, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a second Notice of Right to Sue on December 20, 2007, which Plaintiff received on December 26, 2007. The second Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**Answer:** Defendant admits that Plaintiff filed two Charges of Discrimination with the EEOC against Defendant, and admits that the first Charge was filed on November 15, 2007

and that the second was filed on December 17, 2007. Defendant affirmatively states that the contents of the charges of discrimination speak for themselves.

Defendant admits that the EEOC issued a Notice of Right to Sue for each Charge, and admits that the first Notice was issued to Plaintiff on November 28, 2007 and that the second was issued to Plaintiff on December 20, 2007. Defendant is without knowledge or sufficient information to form a belief on the truth of the remaining allegations in Paragraph 6, and thus denies those allegations.

### COUNT I - TITLE VII - GENDER DISCRIMINATION

7.    Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**Answer:** Defendant incorporates by reference its answers to Paragraphs one (1) through six (6) as its answer to Paragraph 7.

8.    Plaintiff began working for Defendant's predecessor in 1982 as a Field Representative, and approximately one year later was promoted into the Hospital Division as a Clinical Specialist.

**Answer:** Defendant admits that Plaintiff was hired in 1982. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9.    Throughout his twenty-five (25) year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, top sales rankings, and numerous awards, and any assertion to the contrary is a pretext for discrimination.

**Answer:** Defendant denies the allegations in Paragraph 9.

10.    Beginning in January 2003, Defendant has paired Plaintiff with Liz Weller, a female Clinical Specialist, to operate as a team in selling pharmaceutical products to medical professionals. Since its inception, the team of Plaintiff and Weller has been managed by Clark Davis, Regional Sales Manager.

**Answer:** Defendant admits that Plaintiff and Liz Weller, a female Clinical Specialist, worked on the same sales team selling pharmaceutical products to medical professionals. Defendant denies the remaining allegations in Paragraph 10.

11. In operating as a team, Plaintiff and Clinical Specialist Weller have identical job responsibilities, service the same pool of clients, share strategies, and jointly pitch products.

**Answer:** Defendant admits that while Plaintiff was still employed by Defendant, Plaintiff and Weller operated as a team, but denies the remaining allegations in Paragraph 11 as phrased.

12. Further, Defendant accounts for the sales of Plaintiff and Clinical Specialist Weller jointly, resulting in identical sales figures if no manual adjustments are made.

**Answer:** Defendant admits that it accounted for the sales of Plaintiff and Weller jointly, but denies the remaining allegations in Paragraph 12.

13. Plaintiff, unlike Liz Weller, has been targeted and harassed by Regional Manager Davis, resulting in a deterioration of the terms and conditions of Plaintiff's employment due to Defendant's gender discrimination. Examples of such conduct follow.

**Answer:** Defendant denies the allegations in Paragraph 13.

14. Despite purportedly sharing the same sales numbers, in determining their 2006 annual performance evaluations, Defendant intentionally deleted one fiscal quarter from Plaintiff's total sales, resulting in Plaintiff ranking 233 out of 260 Clinical Specialists.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and therefore denies these allegations.

15. In contrast to Plaintiff, Defendant fully accounted for the entire year of Clinical Specialist Liz Weller's sales, resulting in a substantially higher performance ranking.

**Answer:** Defendant denies the allegations in Paragraph 15 as phrased.

16. Over the following year, Defendant began to harass Plaintiff in a manner that was detrimental to his professional career with Defendant.

**Answer:** Defendant denies the allegations in Paragraph 16.

4

17. In June 2007, Clark Davis, Regional Sales Manager, issued Plaintiff a coaching memo and action plan that was not issued to Clinical Specialist Weller.

**Answer:** Defendant admits the allegations in Paragraph 17.

18. At the time Plaintiff was issued the memo, there were no performance deficiencies apparent that would have triggered the need for such an action. Rather, Plaintiff was completing an exceptionally successful quarter, where he was named the "Representative of the Quarter" by ranking as the top performer in his sector, comprising one quarter (1/4) of the country, and being amongst the top five (5) best sellers nationwide.

**Answer:** Defendant denies the allegations in Paragraph 18.

19. The coaching memo contained required actions in the methods and procedures that Plaintiff used in selling products to customers, including the use of certain sales techniques. The accompanying action plan required that Plaintiff meet certain objectives, such as completing a certain number of teleconferences and programs by the end of the quarter.

**Answer:** Defendant affirmatively states that the coaching memo speaks for itself, and refers Plaintiff to the coaching memo for a complete statement of its contents. Defendant denies any remaining allegations in Paragraph 19.

20. Defendant did not issue a coaching memo or action plan to Clinical Specialist Weller, Plaintiff's female teammate, despite Plaintiff and Weller coordinating sales techniques, sharing plans, holding the same territories, sharing production numbers, and utilizing the same methods.

**Answer:** Defendant admits that it did not issue a coaching memo or action plan to Clinical Specialist Weller. Defendant denies the remaining allegations in Paragraph 20.

21. Following the issuance of the coaching memo and action plan, Regional Sales Manager Davis continued to target and harass Plaintiff by accompanying Plaintiff on sales trips and issuing email warnings for non-existent and fabricated violations of corporate practices.

**Answer:** Defendant admits that Davis accompanied Plaintiff on sales trips and issued email warnings for violations of corporate practices, but denies the remaining allegations in Paragraph 21.

22. Once again, despite sharing techniques, plans, methods and clients with Liz Weller, Regional Manager Davis did not issue Weller any similar sort of comparable criticism for any purported deficiencies in her sales techniques or performance.

5

**Answer:** Defendant denies the allegations in Paragraph 22.

23. Due to the continuing harassment and disparate treatment, on September 10, 2007, Plaintiff contacted Sharon Koch, Human Resources Manager, to report Defendant's continuing gender discrimination. In the call, Plaintiff specifically reported that Regional Manager Davis was harassing Plaintiff in a disparate manner than his female co-worker and explained how his 2006 performance results were skewed to not account for all his sales.

**Answer:** Defendant admits that Plaintiff called Sharon Koch on September 10, 2007, but denies the remaining allegations in Paragraph 23.

24. Despite the very specific evidence and examples Plaintiff provided of gender discrimination, Defendant took no action to address Plaintiff's complaints or to rectify the disparate treatment.

**Answer:** Defendant denies the allegations in Paragraph 24.

25. As a result of Defendant's lack of addressing Plaintiff's complaints, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 15, 2007, complaining of gender discrimination.

**Answer:** Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC on November 15, 2007, and Defendant affirmatively states that the contents of the Charge speak for themselves. Defendant denies the remaining allegations in Paragraph 25.

26. In close proximity of time to Plaintiff's filing of the charge with the Equal Employment Opportunity Commission, in a meeting with Frank Sangiorgio, Vice President, and Human Resources Manager Koch, Defendant terminated Plaintiff's employment for the pre-textual reason of a reduction in force.

**Answer:** Defendant admits in a meeting with Frank Sangiorgio, Vice President, and Human Resources Manager Koch on December 4, 2007 Plaintiff was notified that as part of a reduction in force, he was not selected for continued employment with Defendant. Defendant denies the remaining allegations in Paragraph 26.

27. In the meeting, Vice President Sangiorgio and Human Resources Manager Koch explained to Plaintiff that the decision was primarily determined from the sales results for the previous three and a half (3.5) years, with the "winning practices," or annual performance evaluations, used as the tie-breaker.

**Answer:** Defendant admits that in the meeting, Vice President Sangiorgio and Human Resources Manager Koch explained to Plaintiff the basis for the decision. Defendant denies the remaining allegations in Paragraph 27.

28.   While Defendant terminated Plaintiff, Defendant did not terminate the employment of his female co-worker, Liz Weller, with whom he shared identical assignments, responsibilities, and sales numbers. Further, on information and belief, Weller had received lower "winning practices," or performance rankings, than Plaintiff, which was the purported tie-breaker in the event of close decisions.

**Answer:** Defendant admits that it terminated Plaintiff and did not terminate his female co-worker, Liz Weller, but denies the remaining allegations in Paragraph 28.

29.   The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on his gender, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**Answer:** Defendant denies the allegations in Paragraph 29.

30.   As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**Answer:** Defendant denies the allegations in Paragraph 30.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICK DUDZINSKI, prays for judgment against Defendant and respectfully requests that this Court:

A.   Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.   Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of gender;

C.   Order Defendant to make whole RICK DUDZINSKI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.   Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.   Order Defendant to pay lost, foregone, and future wages to RICK DUDZINSKI;

    F.      Grant Plaintiff his attorney's tees, costs, disbursements; and

    G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**Answer:** Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II – TITLE VII - RETALIATION

31. Paragraphs one (1) through twenty-four (24) are incorporated by reference as if fully set out herein.

**Answer:** Defendant incorporates by reference its answers to Paragraphs one (1) through thirty (30) as its answer to Paragraph 31.

32. As a result of Defendant's lack of addressing Plaintiff's complaints, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 15, 2007, complaining of gender discrimination.

**Answer:** Defendant admits that Plaintiff filed a charge of discrimination with the EEOC on November 15, 2007, and affirmatively states that the charge of discrimination speaks for itself, but denies the remaining allegations in Paragraph 32.

33. In a letter dated November 26, 2007, despite the very specific evidence and examples of harassment and disparate treatment that Plaintiff provided, Defendant informed Plaintiff that there was insufficient evidence to support his allegations.

**Answer:** Defendant affirmatively states that Sharon Koch issued a memo to Plaintiff on November 26, 2007, which speaks for itself, and refers Plaintiff to the memo for a complete statement of its contents. Defendant denies the remaining allegations in Paragraph 33.

34. The November 26, 2007 letter further assured Plaintiff that the information would be held confidential and that retaliation for his complaints would not be tolerated.

**Answer:** Defendant admits the allegations in Paragraph 34.

35. Despite Defendant's assurances, in close proximity of time to the filing of the charge of discrimination with the EEOC and the receipt of the November 26, 2007 letter, in a meeting with Frank Sangiorgio, Vice President, and Human Resources Manager Koch, Defendant terminated Plaintiff's employment for the pre-textual reason of a reduction in force.

8

  **Answer:** Defendant admits in a meeting with Frank Sangiorgio, Vice President, and Human Resources Manager Koch on December 4, 2007 Plaintiff was notified that as part of a reduction in force, he was not selected for continued employment with Defendant. Defendant denies the remaining allegations in Paragraph 35.

  36. While Defendant terminated Plaintiff, Defendant did not terminate the employment of his co-worker, Liz Weller, who did not engage in statutorily protected activity and with whom Plaintiff shared identical assignments, responsibilities, and sales numbers.

  **Answer:** Defendant admits that it terminated Plaintiff and did not terminate his female co-worker, Liz Weller, but denies the remaining allegations in Paragraph 36.

  37. Plaintiff engaged in statutorily protected conduct under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>., based on his opposition to and reporting of Defendant's discriminatory conduct towards male employees.

  **Answer:** Defendant denies the allegations in Paragraph 37.

  38. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for retaliating against Plaintiff because of his complaints of gender discrimination.

  **Answer:** Defendant denies the allegations in Paragraph 38.

  39. The aforementioned acts and omissions of Defendant constitute unlawful retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>.

  **Answer:** Defendant denies the allegations in Paragraph 39.

  40. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

  **Answer:** Defendant denies the allegations in Paragraph 40.

## **PRAYER FOR RELIEF**

  WHEREFORE, Plaintiff RICK DUDZINSKI prays for judgment against Defendant and respectfully requests that this Court:

  A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff

      under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex, and retaliates against an individual for complaining of an unlawful employment practice;

C.    Order Defendant to make whole RICK DUDZINSKI by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to RICK DUDZINSKI;

E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.    Grant Plaintiff his attorney fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**Answer:** Defendant denies that Plaintiff is entitled to any relief whatsoever.

## JURY TRIAL DEMAND

41. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**Answer:** Defendant demands a jury trial.

## AFFIRMATIVE DEFENSES

Defendant SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline, through its undersigned attorneys, submits the following Affirmative Defenses:

1. Plaintiff's claims of gender discrimination fail because Defendant's actions were taken for what Defendant honestly believed were legitimate, nondiscriminatory reasons.

2. Plaintiff cannot recover punitive damages under Title VII because Defendant did not act with malice or reckless indifference to any of Plaintiff's federally protected rights.

3. Any violations of law were contrary to Defendant's good-faith efforts to comply with Title VII.

4.      Even if Defendant did discriminate against Plaintiff based upon his gender, Plaintiff would have suffered the same loss of employment in any event for independent, nondiscriminatory reasons.

5.      On information and belief, Plaintiff has not made reasonable efforts to mitigate his damages by seeking a comparable job or position, and would have reduced or eliminated any damages had he done so.

Defendant reserves the right to assert additional affirmative defenses as additional information becomes available.

Dated: February 5, 2008                       Respectfully submitted,

                                              SmithKline Beecham Corporation d/b/a/
                                              GlaxoSmithKline


                                       By:    s/Dennis P.W. Johnson_____
                                              One of the Attorneys for Defendant


Walter Jones, Jr., Esq., wjones@pjjq.com (ARDC 1365665)
Dennis P.W. Johnson, Esq., djohnson@pjjq.com (ARDC 3126179)
Jonathan B. Cifonelli, Esq., jcifonelli@pjjq.com (ARDC 6285930)
Pugh, Jones, Johnson and Quandt, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 768-7800
Facsimile: (312) 768-7801

## CERTIFICATE OF SERVICE

I, Dennis P.W. Johnson, an attorney, certify that I shall cause to be served a copy of **Defendant's Answer to First Amended Complaint** upon the following individual(s), by deposit in the U.S. Mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, federal Express overnight delivery, facsimile transmitted from (312) 768-7801, or Case Management/Electronic Case Filing ("CM/ECF"), as indicated below, on February 5, 2008.

| | |
|---|---|
| _X_ CM/ECF | Lisa R. Kane |
| ___ Facsimile / ___ Pages | Janice A. Wegner |
| ___ Federal Express | Darren Bodner |
| ___ Mail | Michael Young |
| ___ Messenger | Lisa Kane & Associates, P.C. |
| | 120 South LaSalle Street, Suite 1420 |
| | Chicago, IL 60603 |
| | lisakane@sbcglobal.net |
| | T: (312) 606-0383 |
| | F: (312) 606-0765 |

s/Dennis P.W. Johnson