UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rick Dudzinski,

        Plaintiff,

v.

GlaxoSmithKline,

        Defendant.

Case No.  07 cv 7092

Honorable Robert M. Dow, Jr.

Magistrate Judge Michael T. Mason

## INITIAL STATUS REPORT

Pursuant to this Order of this Court entered January 28, 2008, counsel for the parties conferred on February 4, 2008 and submit the following Initial Status Report:

**A.   Attorneys of Record:**

Lisa Kane, Janice A. Wegner, Darren A. Bodner, and Michael Young for Plaintiff. Walter Jones, Jr., Dennis P.W. Johnson and Jonathan B. Cifonelli for Defendant.

**B.   Basis for Federal Jurisdiction:**

Federal question jurisdiction exists under 28 U.S.C. Sec. 1331, in that Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et. seq.

**C.   Nature of Claims Asserted in Complaint and any Counterclaims:**

Plaintiff alleges that he was subjected to different terms and conditions of employment than similarly situated female employees in the harassment and disparate treatment he received. Plaintiff further alleges that his termination on the basis of an alleged reduction in force was pretextual, and he was retaliated against for his complaints of discrimination.  There are no counterclaims.

**D.   Name of any party not served:**

No party remains unserved.

**E.   Principal Legal Issues:**

1. Whether Plaintiff was performing to Defendant's legitimate expectations.

2. Whether Defendant treated similarly situated female employees more favorably than Plaintiff?

3. Whether Defendant discriminated against Plaintiff on the basis of his gender.

4. Whether Plaintiff engaged in statutorily protected conduct under Title VII.

5. Whether Defendant has articulated legitimate non-discriminatory reasons for its treatment of Plaintiff.

6. Whether Defendant honestly believed its legitimate non-discriminatory reasons for its treatment of Plaintiff/Whether plaintiff has shown that Defendant's articulated non-discriminatory reason(s) was/were pretextual.

7. Whether Defendant retaliated against Plaintiff because he complained of discrimination based on his gender.

8. Whether Defendant's actions were willful, *i.e.,* whether Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

9. Whether Plaintiff made reasonable efforts to mitigate his damages.

10. Whether, assuming that Defendant did discriminate against Plaintiff based upon his gender, Plaintiff would have suffered the same loss of employment in any event for independent, nondiscriminatory reasons.

F. **Principal Factual Issues:**

1. Whether Plaintiff complained regarding the disparate treatment he claims to have received.

2. Whether Defendant retaliated against Plaintiff as a result of his complaints of discriminatory treatment.

3. Whether Plaintiff was damaged as a result of Defendant's actions.

4. Whether any violations of law were contrary to Defendant's good faith efforts to comply with Title VII.

G. **Whether a Jury has been demanded:**

Plaintiff has demanded a jury trial.

H. **Brief Description of Discovery:**

1. Identify the date that discovery began: February 7, 2008.

2. Describe discovery that has been taken to date and any remaining discovery:

   a. Fed. R. Civ. P. 26(a)(l) Disclosures to be exchanged by February 29, 2008.

2

    b. The parties will engage in written discovery.

    c. Defendant will propose a protective order regarding confidentiality of discovery documents and information.

    d. The parties will require depositions, the number of which will be more able to be determined upon the exchange of Rule 26(a)(l) Disclosures.

    e. Proposed Discovery Cut-off: Plaintiff proposes 120 days from the commencement of discovery, and Defendant proposes 180 days.

    f. Dispositive Motion Deadline: Plaintiff proposes 30 days following discovery's cut-off, and Defendant proposes 45 days.

**G. Trial:**

1. <u>Identify the earliest date the parties would be ready to commence trial</u>: 90 days after the Court's ruling on any Motion for Summary Judgment filed by Defendant.

2. <u>Provide the estimated length of trial</u>: Trial is estimated by Plaintiff to be three (3) to (4) days in length. Defendant estimates five (5) days for trial of this mater.

**H. Consent to Magistrate Judge:**

The parties do not unanimously consent to proceed before a Magistrate Judge.

**I. Settlement:**

Provide the status of any settlement discussions to date: None.

**J. Request for Settlement Conference:**

The parties do not request a settlement conference.

Dated:   February 12, 2008

3

| | |
|---|---|
| s/ Lisa Kane | /s Dennis P.W. Johnson |
| Lisa Kane | Walter Jones, Jr., Esq. |
| Attorney for Plaintiff | wjones@pjjq.com (ARDC No. 1365665) |
| LISA KANE & ASSOCIATES, P.C. | Dennis P.W. Johnson, Esq. |
| 120 South LaSalle Street, Suite 1420 | djohnson@pjjq.com (ARDC No. 3126179) |
| Chicago, Illinois 60603 | Jonathan B. Cifonelli, Esq. |
| Tel: (312) 606-0383 | jcifonelli@pjjq.com (ARDC No. 6285930) |
| Fax: (312) 606-0765 | PUGH, JONES, JOHNSON AND QUANDT, P.C. |
| Attorney Code No. 06203093 | 180 North LaSalle Street, Suite 3400 |
| | Chicago, Illinois 60601 |
| | Tel: (312) 768-7800 |
| | Fax: (312) 768-7801 |

4