IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICK DUDZINSKI,

    Plaintiff,

v.

SMITHKLINE BEECHAM
CORPORATION d/b/a
GLAXOSMITHKLINE,

    Defendant.

Case No. 07 CV 7092

Judge Robert M. Dow, Jr.

Magistrate Judge Michael T. Mason

## PROPOSED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Rule 26.2 of the Local General Rules of the United States District Court for the Northern District of Illinois ("Local Rule 26.2") and this Court's Standing Order on Protective Orders, IT IS HEREBY ORDERED:

1.    Any documents or information produced or provided during the course of discovery may be designated as "Confidential Information" by a party for the purposes outlined in this Order as follows:

    a.    The notation "Confidential Information - Subject to Protective Order" or "Confidential" shall be stamped or otherwise plainly marked on each designated document or the first page of designated documents with multiple pages.

    b.    Deposition testimony and exhibits may be designated as Confidential Information by written notice to opposing counsel and the court reporter not later than ten (10) business days after receipt of the deposition transcript. During such ten (10) business day period the entire deposition transcript and all exhibits shall be deemed to be Confidential Information for purposes of this Order. Thereafter, only those portions of the

1

transcript and exhibits that have been designated as Confidential Information shall be so treated, except that all copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential Information-Subject to Protective Order" on the cover and, if filed with the Court, be filed under seal *if leave of Court is granted and*

c. Any party may seek to file under seal Confidential Information in any affidavits, briefs, memoranda, or other papers filed with the Court pursuant to Local Rule 26.2.

2. "Confidential Information" shall include:

a. Non-public documents or information concerning Defendant's financial condition or resources, marketing strategies or other business plans, sales, complaints, investigations and responses thereto, practices or policies pertaining to the period January 1, 2004 to the present, the disclosure of which to Defendant's customers, competitors or others Defendant reasonably believes would cause substantial harm to Defendant's legitimate business interests;

b. Employee personnel information or documents reflecting the compensation of, evaluating the job performance of, hiring, retention, or termination of, disciplinary history of, any current or former employee of Defendant;

c. Defendant's pension, retirement or other employee benefits plans pertaining to its employees; or

d. Deposition testimony about the information or documents identified in this paragraph.

3. Any documents or information designated as Confidential Information shall be used only for the purpose of this action and shall not be disclosed or transmitted, verbatim or in the substance, to anyone except the following:

2

    a.    Plaintiff or Defendant and their respective counsel of record (including other attorneys and staff in their law firms who are working on this case);

    b.    Actual or potential deponents or witnesses, but only to the extent needed to sustain or oppose any claim or defense, to examine or cross-examine any such witness, or to support or oppose any motion before the Court;

    c.    Expert witnesses for use only in connection with their roles as experts in this action;

    d.    The Court and the jury during any trial or other hearing of this case or in conjunction with any motion filed in this case;

    e.    Court reporters and their stenographic employees transcribing testimony in and from notes taken during depositions and hearings held in connection with this action; and

    f.    Any other individual to whom, in the good faith opinion of counsel of record for Plaintiff or Defendant, Confidential Information must be disclosed or transmitted to help prepare for the prosecution or defense of this action; provided that counsel of record making the disclosure or transmittal (i) first advise the individual of the terms and conditions of this Order and obtain his or her agreement to be bound by it, (ii) maintain a log of all individuals to whom such disclosure or transmittal is made, and (iii) allow opposing counsel of record access to this log upon reasonable notice.

4.    Neither Plaintiff nor Defendant nor their counsel of record shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

5.     Neither Plaintiff nor Defendant nor their counsel of record shall discuss or disclose the contents of any Confidential Information with any other person, except between themselves for purposes of this action and as otherwise permitted in this Order.

6.     Disputes, if any, arising as to the applicability of this Order to any documents or information produced, provided, or obtained by Plaintiff or Defendant, shall be resolved, if possible, by agreement of the parties to this action. If after a reasonable time the parties cannot agree to resolve such a dispute, either party may move the Court to rule on the issue within ten (10) days of the end of the good-faith discussions. Regardless of which party files such a motion, the burden of proof will remain at all times on the designating party to establish that its designation is proper. Documents or information designated as Confidential Information pursuant to this Order shall be treated as such unless and until the Court rules otherwise.

7.     The inadvertent or unintentional disclosure of any Confidential Information by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claims of confidentiality either as to the specific Confidential Information disclosed or as to any other related information.

8.     If this matter proceeds to trial, the Court shall determine how Confidential Information shall be used during trial and whether the provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication. The Court shall retain jurisdiction in order to enforce the terms of this Order.

9.     This Order is entered without prejudice to the right of any party to seek modification of this Order.

10.    The parties shall retain copies of all documents containing Confidential Information that are provided in discovery under this Order. Documents containing Confidential Information

shall NOT be filed with the Clerk of Court. Documents requiring the Court's *in camera* review shall be submitted to chambers in a sealed envelope bearing the caption of the case, case number, the titled of the motion or response to which the submitted Confidential Information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A redacted copy of the pleading shall be filed for the record.

11.    The party receiving Confidential Information, regardless of the format in which that information is produced, shall, within (thirty) 30 days of the termination of this litigation, destroy all copies of Confidential Information provided by the producing party, including those provided to expert witnesses. This includes the deletion of any computer files containing Confidential Information, wherever they exist. Within (thirty) 30 days of the termination of this litigation, the receiving party shall certify in writing to the producing party that all Confidential Information, regardless of format or location and including any documents containing Confidential Information that were filed or provided to the Court *in camera*, has been destroyed.

12.    In accordance with Local Rule 26.2, the Court grants the undersigned counsel access to any documents containing Confidential Information that the Court grants leave to file. Within sixty-three (63) days after this case is closed in the District Court, the parties may seek the return of any previously-sealed or previously-restricted documents from the Court by a motion filed pursuant to Local Rule 26.2(g). Any documents not so withdrawn shall become part of the public case file.

SO ENTERED by the Court:

_____
Judge Robert M. Dow, Jr.

May 14, 2008

SmithKline Beecham Corporation d/b/a
GlaxoSmithKline, Defendant


By: __Jonathan B. Cifonelli_____
     Attorney for Defendant

Walter Jones, Jr., Esq., wjones@pjjq.com (ARDC 1365665)
Dennis P.W. Johnson, Esq., djohnson@pjjq.com (ARDC 3126179)
Jonathan B. Cifonelli, Esq., jcifonelli@pjjq.com (ARDC 6285930)
Pugh, Jones, Johnson and Quandt, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 768-7800

Dated this 8 day of May, 2008.